UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY JOE COLLINS,<br>　　　　Plaintiff,<br>　　v.<br><br>B.A. BLEDSOE, et al.,<br>　　　　Defendants. | CIVIL ACTION NO. 3:CV-12-2244<br>(Judge Kosik) |

FILED
SCRANTON
SEP 30 2014
PER _____ DEPUTY CLERK

## MEMORANDUM

Before the court are Plaintiff's (Doc. 60) and Defendant's (Doc. 56) Objections to the Report and Recommendation (Doc. 53) of Magistrate Judge Thomas M. Blewitt filed on March 7, 2014. For the reasons which follow, we will adopt in part, and decline to adopt in part, the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Plaintiff, Larry Joe Collins, instituted the instant Bivens[1] civil rights action pursuant to 28 U.S.C. §1331 on November 9, 2012. The action, which is based on incidents that occurred while Plaintiff was confined at the United States Penitentiary, Lewisburg, Pennsylvania, proceeds on an Amended Complaint (Doc. 16) filed on May 3, 2013. On July 22, 2013, the Defendants[2] filed a Motion to Dismiss, and/or, in the Alternative, Motion for Summary Judgment (Doc. 22). Appropriate briefing was filed by the parties. On March 7, 2014, the Magistrate Judge issued a Report and

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Named as Defendants are: B.A. Bledsoe, Warden; D. Hudson, Associate Warden; J. Fleming, Lieutenant; R. Johnson, Lieutenant; T. Johnson, Lieutenant; S. Prutzman, K. Gemberling, R. Casillo, C. Lytle, B. Gaston, S. Hicks, Corrections Officers; Kevin Pigos, Clinical Director; Gregory George, Physician's Assistant; and Bryan Walls, EMT.

Recommendation (Doc. 53), wherein he recommended that we dismiss with prejudice Plaintiff's request for Declaratory Judgment; that we strike Plaintiff's requests for specific amounts of monetary damages; that we grant Defendant's Motion to Dismiss and for Summary Judgment with respect to all of Plaintiff's claims in his Amended Complaint as against all Defendants, except for Plaintiff's May 4, 2011 excessive force claims against Lt. Fleming; and deny Defendants' Motion for Summary Judgment with respect to Plaintiff's May 4, 2011 excessive force claim against Defendant Lt. Fleming. On March 26, 2014, Defendants filed Objections (Doc. 56) to the Report and Recommendation. On March 31, 2014, Plaintiff filed Objections (Doc. 60) to the Report and Recommendation. On April 7, 2014, Defendants filed a Memorandum of Law in Opposition to Plaintiff's Objections (Doc. 63).

## DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(c); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In an extensive Report and Recommendation, the Magistrate Judge set forth the basis of Plaintiff's Amended Complaint as follows:

> Plaintiff alleges that his Eighth Amendment right against cruel and unusual punishment was violated in a series of events when he arrived at

USP-Lewisburg because: (1) Defendants Gemberling, Fleming, and Prutzman used excessive force against Plaintiff on May 3, 2011, during his removal from the transport bus and during intake procedures[3]; (2) several Defendants, lead by Lt. Fleming, used excessive force against Plaintiff on May 4, 2011, while trying to transfer Plaintiff to a new cell; and (3) Defendants Lytle, Casillo, T. Johnson and Walls deprived Plaintiff of his right to proper conditions of confinement after he was removed from his cell and placed in a new cell in ambulatory restraints from May 4 through May 5, 2011. Further, Plaintiff alleges that the medical Defendants deprived him or (sic) proper medical care regarding the incidents at issue.

In reviewing Plaintiff's Amended Complaint, the Magistrate Judge initially recommends that Plaintiff's request for specific amounts of monetary damages should be stricken from the Amended Complaint; that Plaintiff's request for issuance of a declaratory judgment be dismissed with prejudice; and that his claims that he was verbally harassed be dismissed with prejudice in that verbal harassment does not constitute a cognizable Eighth Amendment civil rights claim. The Magistrate Judge also determined that to the extent Plaintiff was challenging the charges filed against him in Incident Report #2158647, and his claim that the Incident Report was falsely issued to cover the excessive force that was allegedly used on him on May 4, 2011, the claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994)[4]. As to Plaintiff's claims against Defendant Warden Bledsoe regarding the use of force incident on May 4, 2011, the Magistrate Judge recommended that summary judgment be granted in that Defendant Bledsoe was named on the basis of respondent superior. As to Plaintiff's allegations that Defendants Hicks, Gaston, Casillo, Lytle, R. Johnson, George and T. Johnson violated Plaintiff's Eighth

---

[3]Plaintiff asserted that he needed a wheelchair due to spinal problems.

[4]Specifically, the Magistrate Judge found that Plaintiff's constitutional claims for money damages regarding the May 4, 2011 incident which calls into question the veracity of Incident Report #2158647, and the validity of his disciplinary conviction of the charges filed against him by Defendant Hicks in Incident Report #2158647, as well as the sanctions lengthening his term of confinement in prison are Heck-barred until he has his conviction overturned on appeal or through a §2241 habeas petition.

Amendment rights by filing false reports against him, including false restraint check reports and false medical reports, in order to cover up their alleged constitutional violations regarding the May 4 and May 5, 2011 incidents, the Magistrate Judge found that these allegations do not amount to a constitutional claim of violation of due process or conspiracy and should be dismissed with prejudice. The Magistrate Judge also found that Plaintiff sufficiently stated the personal involvement of the supervisory Defendants, Bledsoe, Hudson and Pigos, but found that the undisputed evidence reveals that they did not violate Plaintiff's constitutional rights. The Magistrate Judge then goes on to review the record as it presently stands before the court, including the videos submitted by Defendants. The Magistrate Judge discussed the Defendant's Motion for Summary Judgment and the legal standards to be applied to the Plaintiff's claims for use of excessive force on May 3 and May 4, 2011, conditions of confinement and denial of proper medical care. The Magistrate Judge concluded by recommending that Defendants' Motion for Summary Judgment be granted with respect to all of Plaintiff's claims against all fourteen Defendants, except for Plaintiff's excessive force claim against Defendant Fleming regarding the May 4, 2011 use of force incident.

In response to the Magistrate Judge's Report, Objections were filed by the parties. In Plaintiff's Objections (Doc. 60), Plaintiff alluded several times to the fact that he did not have an opportunity to conduct discovery, because Defendant's filed a Motion to Dismiss/Motion for Summary Judgment in response to the Amended Complaint. In the Defendants' Brief in Opposition to Plaintiff's Objections, as well as in their own Objections to the Report and Recommendation, Defendants reference the record as it presently stands[5]. Moreover, in the Report and Recommendation of

---

[5] In Defendants' Objections (Doc. 56), Defendants object to the Magistrate Judge's findings that there was a genuine dispute of material facts regarding Plaintiff's excessive use of force claim against Defendant Fleming based on the May 4, 2011 incident. The Defendants also objected to the Magistrate Judge's finding as to qualified immunity.

the Magistrate Judge, the Magistrate Judge states that the Plaintiff has failed to present evidence in support of his claims[6]. We note that in many of the cases cited by the Defendants and the Magistrate Judge, motions for summary judgment were decided after discovery was conducted. In the instant action, no Answer was filed by the Defendants and no discovery period was set. We believe that Plaintiff should be given an opportunity to conduct discovery prior to this courts ruling on Defendants' Motion for Summary Judgment. Thus, we will deny Defendants' Motion for Summary Judgment without prejudice to be renewed following the completion of discovery[7].

As to the portions of the Motion to Dismiss discussed by the Magistrate Judge, we agree that Plaintiff's request for specific amounts of monetary damages should be stricken; that Plaintiff's request for Declaratory Judgment should be dismissed; that Plaintiff's claims for verbal harassment should be dismissed; that Plaintiff's claims that Defendants Hicks, Gaston, Casillo, Lytle, R. Johnson, George and T. Johnson violated Plaintiff's Eighth Amendment rights by filing false reports against him, including false restraint check reports and false medical reports in order to cover up their alleged constitutional violations regarding the May 4 and May 5, 2011 incidents, do not amount to a constitutional claim of violation of due process or conspiracy, and should be dismissed; that Plaintiff's general conspiracy claim should be dismissed; that Plaintiff's constitutional claims for money damages, regarding the May 4, 2011 incident which call into question the veracity of Incident Report #2158647, and the validity of his disciplinary conviction on the charges of disobeying an order and insolence, should be dismissed as barred by Heck, because Plaintiff must first have

---

[6]Plaintiff asserts that because he had no opportunity to conduct discovery, he did the best he could to establish a record by filing his own Declaration, as well as the Declaration of other inmates (Doc. 60).

[7]While we have viewed the videos submitted by Defendants and we agree that Plaintiff's claims may be tenuous, we believe it prudent to allow Plaintiff an opportunity to conduct discovery prior to ruling on the Motion for Summary Judgment.

his conviction on the Incident Report overturned on appeal or by filing a §2241 habeas petition. Thus, we will grant Defendants' Motion to Dismiss as to those claims. As to the remaining Eighth Amendment claims, which are the basis of Defendants' Motion for Summary Judgment, we will deny Defendants' Motion for Summary Judgment without prejudice to renew the Motion following the completion of discovery[8]. We will direct Defendants to file an Answer to the Amended Complaint with respect to the claims remaining in this action, and we will remand the matter to the Magistrate Judge for further proceedings consistent with this Memorandum. An appropriate Order follows.

---

[8]As to Defendants' argument based on qualified immunity, we believe that it too should more appropriately be addressed following the completion of discovery.