UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY JOE COLLINS, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-12-2244 |
| B. A. BLEDSOE, *et al.*, | : (Judge Kosik) |
| Defendants | : |

FILED
SCRANTON
DEC -9 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

### I. BACKGROUND

Plaintiff, Larry Joe Collins, filed the above *Bivens* civil rights action pursuant to 28 U.S.C. § 1331 alleging incidents that occurred while Plaintiff was confined at the United States Penitentiary, Lewisburg, Pennsylvania. The matter proceeds on a lengthy amended complaint wherein fourteen (14) USP-Lewisburg officials and employees are named as defendants and numerous allegations are set forth. On September 30, 2014, the court issued a Memorandum and Order adopting in part, and declining to adopt in part, the Report and Recommendation of Magistrate Judge Thomas M. Blewitt with respect to a motion to dismiss, and/or, in the alternative,

motion for summary judgment.[1] (Doc. 70.)

In the Magistrate Judge's Report, Defendants' motion was granted with respect to all claims except the May 4, 2011 excessive force claim against Defendant Fleming. The court adopted the Recommendation with respect to granting Defendants' motion to dismiss regarding the following: (1) Plaintiff's request for specific amounts of monetary damages was stricken from the amended complaint; (2) Plaintiff's request for declaratory judgment was dismissed; (3) Plaintiff's verbal harassment, conspiracy and filing of false reports claims were dismissed[2]; and (4) Plaintiff's claims for money damages regarding the May 4, 2011 incident, which calls into question the veracity of Incident Report #2158647 and the validity of his disciplinary conviction, were dismissed.

However, the Magistrate Judge's Recommendation with respect to the motion for summary judgment filed by Defendants Bledsoe, Pigos and Hudson based on respondeat superior was not adopted. The motion was denied without prejudice to renew following a period of discovery. The Recommendation with respect to Defendants' motion for summary judgment on the Eighth Amendment excessive force, conditions of confinement and medical care claims and for qualified immunity

---

[1] The case no longer is assigned to a Magistrate Judge and all motions and proceedings are being addressed by the undersigned District Judge.

[2] This includes Plaintiff's claims for false restraint check reports and false medical reports, in order to cover up alleged constitutional violations regarding the May 4 and May 5, 2011 incidents.

was also not adopted, and the motion was also denied without prejudice to be renewed following a period of discovery. (Docs. 70,71.)

On October 14, 2014, Defendants filed an answer to the claims remaining in the amended complaint. (Doc. 72.) On October 16, 2014, a scheduling order was issued imposing a discovery deadline of December 14, 2014, and a dispositive motions filing deadline of January 14, 2015. (Doc. 73.) Presently pending are Plaintiff's motions for the appointment of counsel (Doc. 74), to amend the scheduling order (Docs. 77, 80) and for funds for expert witnesses (Doc. 78).

## II. Discussion

### A. Motion for Counsel

Plaintiff seeks counsel because he is without funds to hire an attorney, his case is complex, counsel is needed to conduct discovery (obtain witnesses, view videotapes and documents submitted to the court), and because Plaintiff lacks legal knowledge. (Doc. 74.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has

stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of this motion, the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted by Plaintiff in this case so far are clearly written and detail the claims he desires to pursue. Plaintiff is clearly literate and, while it is true that he is incarcerated, he appears able to litigate this action on his own. In fact, Plaintiff prepared a comprehensive amended complaint in this matter, as well as filed his opposition to Defendants' motion to dismiss, and/or for summary judgment. He was also successful, in part, in objecting to the Magistrate Judge's Report and Recommendation. The legal issues presented in this matter are not overly complicated and have been greatly reduced following this court's Memorandum and Order of September 30, 2014.

While the court is sympathetic to Plaintiff's concerns over conducting discovery and any eventual trial in this case, he is clearly equipped to prepare discovery requests on his own and serve them on Defendants. Any concern with respect to a trial is premature at this time. While Plaintiff states that counsel is needed to review documents submitted by Defendants to the court that he has not seen, the court is uncertain as to the documents which Plaintiff claims he did not receive. He does admit that he was provided with a copy of the videotapes for his review.

It cannot be said, at least at this point, that Plaintiff will suffer substantial

prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. As such, his pending motion for counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte,* or pursuant to a properly filed motion.

### B. Motion for funds for expert witnesses

Plaintiff requests the court to provide him with money to obtain the services of expert witnesses. Even if this case goes to trial, Plaintiff is responsible for his own costs in prosecuting his case, including the costs of discovery and assembling the facts. Simply because Plaintiff is pro se and allegedly lacks financial resources, does not entitle him to conduct his discovery free of charge or to have it paid for by the government. See Victor v. Lawler, 2010 WL 2326248, *3-*4 (M.D. Pa. June 2, 2010)(the law is well-settled that pro se litigants must pay for the expenses involved in their civil actions); Copelin v. Rothermel, Civil No. 09-2336, M.D. Pa. This is also true even though a Plaintiff is proceeding *in forma pauperis*.

In Tabron, 6 F.3d at 159, the Third Circuit Court stated that "[t]here is no provision for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent

6

litigant." See also Augustin v. New Century TRS Holding, Inc., 2008 WL 5114268 (W.D. Pa.)(Court denied request of indigent litigant who was proceeding *in forma pauperis* to direct the U.S. Marshal to serve subpoenas since no federal law existed authorizing court to order the payment of federal monies for the necessary expenses of a civil suit filed by an indigent litigant); Reynolds v. Katz, Civ No. 06-1400 (M.D. Pa.).

In Kerwin v. Varner, 2006 WL 3742738, *2 (M.D. Pa.), this court denied an inmate Plaintiff's motion to appoint a medical expert to assist with his case and stated that "we do not have the authority to appoint a medical expert or private investigator to act on behalf of [inmate] Kerwin." See also Atwell . Lavan, 557 F. Supp. 2d 532, 557 (M.D. Pa. 2008)(denial of inmate Plaintiff's request, in civil rights action, for subsidized copies and postage paid by prison staff did not amount to First Amendment claim of denial of access to the courts); Hodge v. U.S., 2009 WL 2843332, *4-*5 (M.D. Pa.)(*in forma pauperis* Plaintiffs, including pro se inmates, are responsible for their litigation fees in civil actions); Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993)(court had no authority to pay for Plaintiff's deposition transcript); Wilkerson v. U.S., Civil No. 07-2228 (M.D. Pa. Apr. 20, 2009)(court denied *in forma pauperis* Plaintiff's motion for independent medical exam). Thus, this court has no authority to have government monies used to pay for Plaintiff's expenses in prosecuting his case. For these reasons, the pending motion will be denied.

### C. Motions for extension of the scheduling deadlines

Plaintiff moves for an enlargement of the previously imposed deadlines for completing discovery and filing dispositive motions in this matter. (Docs. 77, 80.) He seeks an enlargement of nine (9) months. Plaintiff's motions will be granted, but only to the extent that all discovery shall be completed by the parties on or before April 8, 2015, and any dispositive motions may be filed on or before May 8, 2015. An appropriate order follows.