UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LARRY JOE COLLINS,                        :

      Plaintiff,              **FILED**  :
                                                    **SCRANTON**

    v.                                  NOV 0 9 2016   :          CIVIL NO. 3:12-CV-2244

B. A. BLEDSOE, et al.,    Per_____      (Judge Kosik)
                                    DEPUTY CLERK
                                                      :

      Defendants.            :

## MEMORANDUM

Presently before the court for review are in camera documents submitted by

Defendants in response to a Memorandum Opinion and Order issued by the

Magistrate Judge on October 7, 2015 (Doc. 119).[1]  In the opinion, the Magistrate

Judge ruled on Plaintiff's motion to compel.  The motion was granted in part and

denied in part.  The motion was granted to the extent that Defendants were to

undertake a further review of the Bureau of Prison ("BOP') records to determine

whether any potentially responsive documents existed that indicated actual findings

of misconduct on the part of Defendants Fleming, R. Johnson or T. Johnson relating

---

[1] An order was issued on September 15, 2016, setting a dispositive motions
deadline in this matter because the outstanding in camera documents did not appear
on the docket at that time, and it was unknown that they had been filed by
Defendants.  (Doc. 123.)  Once the court learned of the documents, a motion to
extend the filing deadline for dispositive motions filed by Defendants was granted,
pending review of the outstanding documents. (Doc. 128.)

to the treatment of inmates.  If any such documents did exist, Defendants were to submit them within thirty (30) days to the court for in camera review so that a determination could be made as to whether such documents should be produced in whole, or in part, to Plaintiff.  (Id. at 20.)

Defendants have submitted documents relating to one episode of mistreatment of an inmate by Defendant Fleming where he was found guilty of excessive force and suspended for fourteen (14) days.  No documents with respect to Defendants R. Johnson or T. Johnson were found.  In reviewing the submissions, many are repetitive and will not be released to Plaintiff.  However, he will be provided with the Federal Bureau of Prisons Office of Internal Affair's official report with respect to this matter, a copy of the Referral of Incident, the After-Action Review Report, Defendant Fleming's statement and affidavit regarding this matter, and the statements of the other officers involved in the incident.  He will also be provided with the inmate's affidavit.

This is the only incident Defendants found wherein allegations against Defendant Fleming were found to be substantiated.  As such, copies of the documents referenced above will be released to Plaintiff.  The court again notes that Defendants never claim that the documents are not relevant.  It is established in Frails v. City of New York, 64 F.R.D. 116, 117-78 (E.D.N.Y. 2006)(collecting cases) that inmates, in

2

some circumstances, may be entitled to discover information of similar past practice or alleged conduct, or that is calculated to show a habit or routine. "The theory for permitting discovery considering disciplinary history is that it may lead to evidence of pattern, intent and absence of mistake, . . . . "Phillips v. City of New York, 277 F.R.D. 82, 83 (E.D.N.Y. 2011)(internal citations omitted). "Accordingly, courts have held that records of disciplinary charges, internal investigations, and complaints concerning prior instances of misconduct which are similar to the misconduct alleged by the plaintiff 'could lead to evidence that would be admissible at trial and thus, are discoverable.'" Chillemi v. Town of Southampton, No. 12-3370, 2015 WL 1781496, at *6 (E.D.N.Y. Apr. 20, 2015)(citing Ismail v. Cohen, 899 F.2d 183, 188-89 (2d Cir. 1990)(emphasis in original); quoting Frails, 236 F.R.D. at 117-18).

In the instant case, although the Defendants have only uncovered one episode of past conduct, it is excessive force, which is the same type of claim alleged by Plaintiff in the complaint pending before this court and, as such, relevant. Thus, out of an abundance of caution, the documents referenced above will be released to Plaintiff since at least on one occasion, allegations of misconduct against Fleming were substantiated. An appropriate order follows.