UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY COLLINS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:12-CV-2244 |
| | : | |
| v. | : | (Judge Kosik) |
| | : | |
| B.A. BLEDSOE, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

Before this Court is Plaintiff's objections (Doc. 130) to a March 7, 2014 Report and Recommendation ("R&R") (Doc. 53), issued by Magistrate Judge Blewitt. Plaintiff has filed his instant objections (Doc. 130) on November 3, 2016.

### I. BACKGROUND

This Court, by Memorandum and Order dated September 30, 2014 (Doc. 70 and 71), granted in part and denied in part, Magistrate Judge Blewitt's March 7, 2014 R&R (Doc. 53). In doing so, we dismissed some of Plaintiff's claims, allowing Plaintiff's Eighth Amendment claims for excessive force, conditions of confinement and denial of medical care to proceed. (Doc. 70).

Unexpectedly, on November 3, 2016, while the Court was anticipating the filing of dispositive motions, Plaintiff filed objections (Doc. 130), ostensibly to Magistrate Judge Blewitt's March 7, 2014 R&R (Doc. 53). Defendants have submitted a brief in opposition to the same. (Doc. 135).

## II. DISCUSSION

Pursuant to Local Rule 72.3, a party has fourteen (14) days, after being served with a copy of a R&R, to make any objections to the Magistrate Judge's proposed findings, recommendations, or report.

When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.  Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).  For the portions not objected to, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

Plaintiff's current objections are severely untimely filed.  "Although a failure to timely file objections is not a jurisdictional defect, such a failure without justification provides sufficient grounds to deny consideration of the objections.  Time limitations on filing objections must be strictly observed."  Jones v. Piazza, Civ No. 05-05384, 2007 WL 789597, at *1 n.1 (E.D. Pa. 2007) (citing Grandison v. Moore, 786 F.2d 146, 148 (3d Cir. 1986)).

Additionally, we agree with Defendants that the issues Plaintiff currently raises have already been litigated and decided by this Court (Docs. 70 and 71, Memorandum and Order), and are therefore, moot.  An appropriate order follows.