# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY JOE COLLINS,<br><br>        Plaintiff,<br><br>v.<br><br>WARDEN B.A. BLEDSOE, et al.,<br><br>        Defendants. | CIVIL ACTION NO. 3:12-CV-02244<br><br>(CONNER, C.J.)<br>(MEHALCHICK, M.J.) |

## MEMORANDUM

Before the Court are two motions relating to discovery matters filed by *pro se* Plaintiff Larry Joe Collins on October 20, 2016. In the first, a motion for contempt, Collins argues that the Defendants have ignored Court Orders relating to the provision of disciplinary records for Defendant corrections officers. (Doc. 124; Doc. 125). Second, Collins moves to suppress the entry of deposition testimony into evidence, where Collins was the deposed, as he states the transcript is inaccurate. (Doc. 126). For the reasons stated below, both are **DENIED**.

In his motion for contempt, Collins argues that the Defendants failed to adhere to the terms of the Memorandum and Order dated October 7, 2015 (Doc. 119), wherein the Defendants were to conduct an internal review to identify any misconduct on the part of named corrections officer Defendants Fleming, R. Johnson, or T. Johnson. (Doc. 124; Doc. 125). Magistrate Judge Carlson's Order provided the BOP 30 days to produce documents resulting from this investigation for *in camera* review on their relevance to the instant matter and, if deemed relevant by the reviewing judge, to provide the documents to Collins. (Doc. 119, at 20). On September 15, 2016, assuming no such documents had been found, District Judge Kosik set the deadline for dispositive motions to November 1, 2016. (Doc. 123). As of the date of Collins'

motion for contempt, filed over a year after entry of the Order mandating the investigation, no documents had been sent to him and he thus requested a finding of contempt in addition to monetary damages for the Defendants' non-compliance. (Doc. 124).

On November 1, 2016, the Defendants filed a motion for enlargement of time, in which they stated that they had indeed timely submitted the documents ordered, however the submission was not reflected on the docket. (Doc. 127, ¶ 5). The next day, the Defendants filed a brief in opposition to the instant motion, arguing compliance with the terms of the Order. (Doc. 129). On November 9, 2016, Judge Kosik issued a Memorandum and Order acknowledging the timely submission, deeming one of the documents relevant and previously unprovided to Collins, and ordering that document sent to Collins the same day. (Doc. 132; Doc. 133; Doc. 134). On April 14, 2017, the case was referred to the undersigned. Having reviewed Collins' motion and the subsequent Memorandum and Order by Judge Kosik, this Court is satisfied that the Defendants complied with the Order of October 7, 2015, and Judge Kosik's subsequent *in camera* review and provision of the documents in question to Collins negated the basis for Collins' motion for contempt. As the documents have been provided to Collins during the pendency of his motion for contempt, Collins' motion is **DENIED AS MOOT**.

Also on October 20, 2016, Collins filed a motion to suppress the deposition taken of him on April 7, 2015, deeming it inaccurate and in violation of Rule 32 of the Federal Rules of Civil Procedure. (Doc. 126). Collins has failed to provide a brief in support of his motion, as required by Local Rule 7.5. Per the terms of this rule, a brief in support is to be filed within 14 days for any motion except a motion for enlargement of time, a motion which has concurrence of all parties, or for appointment of counsel. Pa. M.D. L.R. 7.5. Where none of the exceptions

apply—as is plainly the case here—Local Rule 7.5 requires the Court to deem an unsupported motion as withdrawn. Pa. M.D. L.R. 7.5. Thus, Collins' motion is **DENIED** due to his failure to adhere to Local Rule 7.5.

Even were the Court to look past this procedural flaw, Collins has not provided any discussion of the merits sufficient to permit review of his claims. As admitted by Collins, he is "unable to give any particulars or cite any specific examples" of discrepant testimony and asks the Court to undertake the role of advocate by reviewing the deposition transcript as a whole and comparing it to the "original" to find his perceived flaws. (Doc. 126, at 2). It is beyond the bounds of justice for this Court to conduct Collins' pre-trial litigation on his behalf. Even if the Court were able to look past Collins' failure to adhere to the Local Rules, he has given no basis for the Court to find in his favor on the merits.

An appropriate Order follows.

**Dated: June 8, 2017**                                              *s/ Karoline Mehalchick*
                                                                     **KAROLINE MEHALCHICK**
                                                                     **United States Magistrate Judge**