IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY JOE COLLINS,** | : | CIVIL ACTION NO. 3:12-CV-2244 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **WARDEN B. A. BLEDSOE,** *et al.*, | : | |
| **Defendants** | : | |

# **ORDER**

AND NOW, this 25th day of September, 2017, upon consideration of the report (Doc. 180) of Magistrate Judge Karoline Mehalchick, recommending that the court grant in part and deny in part the summary judgment motion (Doc. 140) filed by the collective defendants[1] and deny the partial summary judgment motion (Doc. 151) filed by *pro se* plaintiff Larry Joe Collins ("Collins"), wherein Judge Mehalchick opines: *first*, that Collins' claims against defendant Bledsoe must be dismissed for lack of personal involvement; *second*, that genuine disputes of material fact remain as to Collins' claims against defendants Fleming, Gemberling, and Prutzman for excessive force arising from separate incidents on May 3, 2011 and May 4, 2011, but that the claim arising from the May 4, 2011 incident is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994), as expanded to include

---

[1] Defendants *sub judice* are Warden B.A. Bledsoe; Associate Warden D. Hudson; Lieutenant J. Fleming; Lieutenant R. Johnson; Correctional Officer S. Prutzman; Correctional Officer K. Gemberling; Correctional Officer R. Casilla; Correctional Officer C. Lytle; Correctional Officer G. Gaston; Correctional Officer S. Hicks; Clinical Director Kevin Pigos; Physician Assistant Gregory George, and EMT-P Bryan Walls.

prison disciplinary proceedings in Edwards v. Balisok, 520 U.S. 641 (1997); *third*, that genuine disputes of material fact also remain with respect to Collins' claim that defendant Hudson failed to intervene in the known use of excessive force on May 3, 2011; *fourth*, that no genuine disputes of material fact remain as to Collins' claims for denial of medical care during the May 3 and May 4, 2011 incidents and that Collins failed to adduce evidence supporting his claim that defendants were deliberately indifferent to his medical needs; and *fifth*, that genuine disputes of fact preclude a qualified immunity determination at this juncture, (Doc. 180 at 8-20), and the court noting that Collins filed objections (Docs. 181-82) to the report, see FED. R. CIV. P. 72(b)(2), and defendants filed a response (Doc. 185) thereto, and, following a *de novo* review of the contested portions of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)), and applying a clear error standard of review to the uncontested portions, see Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999), the court finding Judge Mehalchick's analysis to be thorough, well-reasoned, and fully supported by the record, and finding Collins' objections (Docs. 181-82) to be without merit and squarely addressed by the report, it is hereby ORDERED that:

1. The report (Doc. 180) of Magistrate Judge Mehalchick is ADOPTED.

2. Defendants' motion (Doc. 140) is GRANTED in part and DENIED in part as follows:

a. The motion (Doc. 140) is GRANTED with respect to all claims against defendant Warden B. A. Bledsoe;

b. The motion (Doc. 140) is GRANTED with respect to Collins' claim for excessive force arising from events on May 4, 2011;

c. The motion (Doc. 140) is GRANTED with respect to Collins' claim for denial of medical care; and

d. The motion (Doc. 140) is otherwise DENIED.

3. Plaintiffs' motion (Doc. 151) for partial summary judgment is DENIED.

4. This matter shall proceed on the following claims:

   a. Plaintiffs' claim for excessive force against defendants Lieutenant J. Fleming, Correctional Officer K. Gemberling, and Correctional Officer S. Prutzman arising from events on May 3, 2011; and

   b. Plaintiffs' claim for failure to intervene against defendant Associate Warden D. Hudson arising from events on May 3, 2011.

5. Entry of judgment in accordance with paragraph 2 above is deferred pending trial on the remaining claims and defenses *sub judice*.

6. A separate pretrial scheduling order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania