# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY JOE COLLINS,** | : | CIVIL ACTION NO. 3:12-CV-2244 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **WARDEN B. A. BLEDSOE**, *et al.*, | : | |
| | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 6th day of February, 2018, upon consideration of the motion (Doc. 191) to alter or amend judgment filed by *pro se* plaintiff Larry Joe Collins ("Collins"), wherein Collins asks the court to reconsider its September 25, 2017 order (Doc. 186) which adopted in full the report (Doc. 180) of Magistrate Judge Karoline Mehalchick and granted in part and denied in part defendants' motion (Doc. 180) for summary judgment, and the court emphasizing that motions for reconsideration serve a narrow purpose: to present intervening law or newly discovered evidence, or to correct manifest errors of law or fact, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and noting that the court possesses an inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), but that such relief is to be granted "sparingly," Montanez v. York City, Civ. No. 12-CV-1530, 2014 WL 3534567, at *7 (M.D. Pa. July 16, 2014) (quoting Cont'l Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937,

943 (E.D. Pa. 1995)), and that a party may not invoke a motion for reconsideration as a means to relitigate matters previously presented to and resolved by the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (citation omitted), nor is a motion for reconsideration "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mutual Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 577 (E.D. Pa. 2001); see also Harsco Corp., 779 F.2d at 909, and the court finding that Collins' motion for reconsideration fails to cite a viable basis therefor, and further upon consideration of Collins' motion (Doc. 170) for appointment of counsel, wherein Collins asserts that his present incarceration and limited knowledge of the law will severely inhibit his ability to investigate and prepare his case prior to trial, that this litigation involves complex legal and factual disputes that will be challenging for a *pro se* litigant to present at trial, and that he is unable to afford counsel, and it appearing that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel," Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)), but that Congress authorizes courts to "request an attorney to represent any person unable to afford counsel" on a *pro bono* basis if circumstances compel that result, see 28 U.S.C. § 1915(e)(1), and the court obliged to assess, as a threshold matter, whether the moving litigant's claim has "arguable merit in fact and law," Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), and finding that Collins has satisfied this requirement by successful prosecution of his outstanding claim to this juncture, and, turning to consideration of the remaining factors pertinent to

appointment inquiries, to wit: the litigant's ability to present a case or defense, the complexity of the legal issues, the degree of factual investigation required, whether the case requires expert witness testimony, and whether the litigant can otherwise afford to retain counsel, Parham, 126 F.3d at 457, the court finding that, although the substance of plaintiff's remaining claim is not uniquely complex, trial of this matter will involve the presentation of conflicting testimony, to likely include Collins' own testimonial account, which will most efficiently proceed with the assistance of counsel trained in the law and rules of evidence, and the court noting, in conclusion, that § 1915(e) "gives district courts broad discretion to determine whether appointment of counsel is warranted," and that "the determination must be made on a case-by-case basis," Tabron, 6 F.3d at 157-58, and concluding that the circumstances of this case warrant appointment of *pro bono* counsel, if available, it is hereby ORDERED that:

1. Collins' motion (Doc. 191) to alter or amend judgment is DENIED.

2. Collins' motion (Doc. 170) to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) is conditionally GRANTED.

3. If counsel cannot be found to represent the *pro se* plaintiff, this conditional order appointing counsel will be revoked, and Collins will be required to proceed in this matter without counsel.

4. The Clerk of Court is directed to forward to the *pro bono* chair of the Middle District of Pennsylvania Chapter of the Federal Bar Association the following documents: (i) a copy of this order, (ii) Collins' amended complaint (Doc. 16), (iii) Judge Mehalchick's report (Doc. 180) dated August 14, 2017, and (iv) the court's order (Doc. 186) of September 25, 2017 adopting Judge Mehalchick's report.

5. Within sixty (60) days of the date of this order, the *pro bono* chair of the Middle District of Pennsylvania Chapter of the Federal Bar Association shall notify the court in writing whether a volunteer attorney will enter an appearance on behalf of Collins.

6. The court will issue a revised pretrial schedule by separate order.


        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania