# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY JOE COLLINS,** | : | CIVIL ACTION NO. 3:12-CV-2244 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| **WARDEN B. A. BLEDSOE,** *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Larry Joe Collins ("Collins") filed a pretrial motion *in limine* (Doc. 212) seeking to exclude certain evidence at his upcoming civil rights trial. We will conditionally grant Collins' motion.

## I. Factual Background & Procedural History

Collins is a former inmate of the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). (Doc. 13 at 1). He currently is incarcerated in a different federal correctional facility. (See Doc. 199 at 5). In November 2012, Collins—acting *pro se*—commenced this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). He alleges various constitutional violations by USP Lewisburg officials and personnel.

Over the extensive course of litigation, Collins' claims have been significantly circumscribed. The only remaining causes of action stem from events that allegedly occurred at USP Lewisburg on May 3, 2011—the day Collins was first transferred to the prison. According to Collins, he arrived at USP Lewisburg with preexisting medical issues that affected his mobility. Collins avers that, *inter alia*, USP

Lewisburg officials and correctional officers violated his Eighth Amendment rights during his transfer from the bus to the prison and during his first two days at the facility. After Rule 56 practice, the following Eighth Amendment claims regarding the events of May 3, 2011, remain for trial: excessive force against defendants Lieutenant J. Fleming ("Fleming"), Correctional Officer K. Gemberling ("Gemberling"), and Correctional Officer S. Prutzman ("Prutzman"); and failure to intervene against defendant Associate Warden D. Hudson ("Hudson").

Trial is currently scheduled for January 2019, and *pro bono* counsel was secured to represent Collins. Collins moves *in limine* to exclude at trial any evidence regarding his criminal and disciplinary history. The motion is fully briefed and ripe for disposition.

## II. Discussion

Collins seeks to preemptively exclude certain other-act evidence that defendants may introduce during the upcoming trial. Specifically, Collins asserts that defendants may attempt to admit his prior convictions, sentence, and "in-prison disciplinary history." (Doc. 213 at 2; Doc. 215 at 3-4). Collins acknowledges that he has prior convictions for firearms offenses and robbery. Defendants further note that Collins is serving a 400-month sentence as an "armed career criminal" and has an extensive history of prison disciplinary violations, assertions which Collins does not deny. According to defendants, Collins' disciplinary infractions include fighting, possession of weapons, threatening bodily harm, disruptive conduct, destroying property, and refusing to obey orders.

2

Collins argues that this evidence is irrelevant and highly prejudicial and thus barred by the Federal Rules of Evidence. Defendants respond that such evidence is admissible under Federal Rule of Evidence 404(b)(2) to show "state of mind." (Doc. 214 at 1). We address Collins' arguments *seriatim*.

### A. Relevancy

Collins first contends that this other-act evidence is irrelevant within the meaning of Federal Rule of Evidence 401 and therefore barred by Rule 402, which provides that "irrelevant evidence is not admissible." FED. R. EVID. 402. Evidence is relevant when it tends to "make a fact more or less probable than it would be without the evidence" and that fact is consequential to the outcome of the case. FED. R. EVID. 401. Rule 401's definition of relevant evidence is "very broad" and "does not raise a high standard." Moyer v. United Dominion Indus., Inc., 473 F.3d 532, 544 (3d Cir. 2007) (citation omitted).

Other-act evidence often meets Rule 401's low bar for relevance. As the Third Circuit has explained, prior convictions are indisputably relevant for purposes of Rule 401, at least insofar as prior offenses make it more likely that a criminal defendant would commit the same crime again. United States v. Caldwell, 760 F.3d 267, 274 (3d Cir. 2014); see also David P. Leonard, THE NEW WIGMORE: A TREATISE ON EVIDENCE: EVIDENCE OF OTHER MISCONDUCT AND SIMILAR EVENTS § 1.2 (2018). But this is not a criminal case, and Collins is not accused of crimes similar to his prior offenses. The issues for this civil trial are whether Fleming, Gemberling, and Prutzman employed excessive force against Collins and whether Hudson failed to intervene. The only potential relevance defendants identify for this other-act

3

evidence is to show "state of mind"—under Rule 404(b)(2)—as pertains to their treatment of Collins on May 3, 2011.

## B. Admissibility Under Rule 404(b)

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). An exception to this rule provides that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). Rule 404(b) applies to criminal and civil cases alike. Ansell v. Green Acres Contracting Co., 347 F.3d 515, 520 (3d Cir. 2003) (citing FED. R. EVID. 404 advisory committee's note).

"Rule 404(b) is a rule of general exclusion," precluding other-act evidence unless the proponent can show a proper purpose other than propensity. United States v. Repak, 852 F.3d 230, 240 (3d Cir. 2017) (quoting Caldwell, 760 F.3d at 276). Rule 404(b) carries "no presumption of admissibility," and thus the proponent of other-act evidence bears the burden of demonstrating its applicability. Caldwell, 760 F.3d at 276 (internal quotation marks and citation omitted).

Admission of other-act evidence under Rule 404(b) requires satisfaction of four distinct steps. Id. First, the proponent of the other-act evidence must identify a proper, non-propensity purpose that is "at issue" in, or relevant to, the case at hand. Id. Second, after identifying a proper non-propensity purpose that is "at issue," the proponent must carefully articulate how the other-act evidence is

4

relevant to proving that purpose without relying on propensity. Id. This step requires the proponent to set forth a "chain of inferences" that connects the other-act evidence to the proper purpose, "no link of which is a forbidden propensity inference." Id. at 277 (quoting United States v. Davis, 726 F.3d 434, 442 (3d Cir. 2013)). Third, the court must perform a Rule 403 balancing analysis to ensure that the probative value of the other-act evidence is not substantially outweighed by its "inherently prejudicial nature[.]" Id. at 277 (citation omitted). Finally, if requested, the court must provide a proper limiting instruction. Id. (citations omitted). This process demands "careful precision" from both the proponent of the other-act evidence and the trial judge determining its admissibility. United States v. Brown, 765 F.3d 278, 291 (3d Cir. 2014) (citing Caldwell, 760 F.3d at 274).

Defendants contend the other-act evidence is admissible to show "state of mind" regarding their perception of Collins' threat level and the requisite force needed to meet the situation they faced on May 3, 2011. (Doc. 214 at 3-6). Defendants have satisfied the first step in the Rule 404(b) analysis. That is, they have identified a non-propensity purpose which appears to be at issue in this case: each defendant's state of mind regarding Collins' threat level upon his arrival to USP Lewisburg. "State of mind" or "mental state" is not one of the enumerated exceptions to the general rule of exclusion of other-act evidence, but nonetheless is a permissible non-propensity purpose. See Repak, 852 F.3d at 245 & n.4; Womack v. Smith, No. 1:06-CV-2348, 2012 WL 1245752, at *3, 5 (M.D. Pa. Apr. 13, 2012) (Conner, J.).

5

Defendants fail at step two. The second step in the Rule 404(b) process is crucial. Caldwell, 760 F.3d at 276. The proponent must do more than merely "pigeonhole" the evidence into one of the categories permitted by Rule 404(b)(2); the proponent must demonstrate that the other-act evidence actually "prove[s] something other than propensity." Id. (alteration in original) (citation omitted). Thus, "[i]n proffering such evidence, the [proponent] must explain how it fits into a chain of inferences—a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." Davis, 726 F.3d at 442 (citing United States v. Sampson, 980 F.2d 883, 887 (3d Cir. 1992)). Stated differently, the proponent must explain "how the evidence should work in the mind of a juror to establish the fact the [proponent] claims to be trying to prove." Repak, 852 F.3d at 244 (internal quotation marks and citation omitted). The proponent must carefully articulate this chain of inferences "because, even when a non-propensity purpose is 'at issue' in a case, the evidence offered may be completely irrelevant to that purpose, or relevant only in an impermissible way." Id. at 243 (alterations in original) (quoting Caldwell, 760 F.3d at 281).

Defendants fail to set forth a chain of inferences or "how the evidence should work in the mind of the juror" to establish the fact they are trying to prove. Id. at 244. This omission alone is fatal to the admissibility of other-act evidence. See Caldwell, 760 F.3d at 281. Even if the court were to attempt to assemble a chain of inferences for defendants, there is a glaring hole. Defendants do not explain how Collins' prior convictions, sentence, or disciplinary infractions informed each defendant's state of mind on May 3, 2011—the day Collins arrived at USP

6

Lewisburg.  In other words, defendants do not explain if or how they knew of Collins' history such that this knowledge could have any bearing on their treatment of Collins on the day in question.

Defendants' reliance on Womack v. Smith is misplaced.  In that case the correctional officers specifically claimed they knew of the inmate-plaintiff's criminal and disciplinary history and averred that this insight informed their assessment of the inmate's threat level and whether to use restraints.  Womack, 2012 WL 1245752 at *3, 5. We likewise reject defendants' reliance on Collins' Special Management Unit ("SMU") designation.[1]  Defendants do not explain how this designation creates a basis for admission of Collins' specific criminal or disciplinary history.  Knowledge of his assignment to the SMU may be relevant, but defendants have provided no chain of inferences permitting the admission of Collins' criminal or disciplinary history through simply knowing of Collins' SMU designation.

Because defendants fail at step two, we need not engage in Rule 403 balancing.  We note, however, that today's decision is based solely on the record and the parties' briefing on the instant motion.  We agree with defendants that "to the extent that any defendant *knew of and relied upon*" Collins' criminal or disciplinary history in determining the amount of force reasonable under the circumstances, such other-act evidence could be admissible for the limited purpose

---

[1] Inmates are designated to SMUs when "enhanced management is necessary to ensure the safety, security, or orderly operation of Bureau facilities, or protection of the public." U.S. DEP'T OF JUSTICE, FED. BUREAU OF PRISONS, P5217.02, PROGRAM STATEMENT: SPECIAL MANAGEMENT UNITS, § 2 (Aug. 9, 2016), https://www.bop.gov/policy/progstat/5217_02.pdf.

7

of establishing state of mind. (See Doc. 214 at 6) (emphasis added). As defendants have proffered no such awareness or reliance, we will conditionally grant Collins' motion *in limine* with the caveat that defendants may renew their Rule 404(b)(2) argument "to the extent they knew of and relied upon" Collins' history at the time of the May 3, 2011 events.[2] Accordingly, we hold that evidence of Collins' prior convictions, length of sentence, and disciplinary history is inadmissible at trial, subject to the above-mentioned conditions.

### III. Conclusion

The court will grant Collins' pretrial motion *in limine* (Doc. 212) as more specifically stated hereinabove. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: December 18, 2018

---

[2] Collins also contends that the other-act evidence is not admissible for impeachment purposes under Federal Rule of Evidence 609. Defendants do not address this argument whatsoever. Consequently, we will conditionally grant Collins' motion *in limine* in this respect as well, subject to modification should Collins' testimony open the door to such evidence.