DJF:TSJ:RDE:cer

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY COLLINS,** | : | **NO. 3:CV-12-2244** |
| **Plaintiff** | : | |
| | : | **(Chief Judge Conner)** |
| | : | |
| **B. A. BLEDSOE, et. al.** | : | |
| **Defendants** | : | **(Electronically Filed)** |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*

Defendants J. Fleming, Lieutenant – retired; S. Prutzman, Correctional Officer; K. Gemberling, Correctional Officer; and D. Hudson, Associate Warden; submit this brief in support of their motion *in limine* to exclude evidence at trial regarding events leading to and following the extraction of Plaintiff Larry Collins from his cell on May 4, 2011.

## Background

Plaintiff Larry Collins arrived to the United States Penitentiary in Lewisburg ("USP Lewisburg") on May 3, 2011, as a new assignee to the Special Management Unit ("SMU"). Collins initiated this litigation challenging the manner in which Defendants removed Collins from the bus upon its arrival at USP Lewisburg on May 3, 2011 ("May 3 Incident").

Specifically, Collins contends that he had a medical need for a wheelchair; that Defendants denied him access to a wheelchair to disembark from the bus; and that Defendants employed excessive force when they carried Collins off the bus rather than provide him a wheelchair.

At one time, Collins had also sought to maintain claims regarding the manner in which BOP officials extracted Collins from his cell on May 4, 2011 ("May 4 Incident"). BOP officials moved Collins because he had a medical need for a CPAP machine and the cell in which they initially placed him did not have the requisite electrical receptacle. Following repeated warnings, the BOP resorted a calculated use of force for this extraction because Collins refused present his hands behind his back for cuffing. Collins contended that this use of force was excessive.

Defendants, however, moved for summary judgment on January 23, 2017 (Doc. 140). Magistrate Judge Mehalchick issued a Report and Recommendation on August 14, 2017 (Doc. 180) ("R&R") partially granting the Defendants' motion. In particular, applying the favorable termination rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), the R&R concluded that the "claims of excessive force relating to the May 4, 2011

cell extraction are unreviewable in the instant proceedings." R&R at 14.
The R&R thus recommended that the Defendants' "motion should be
granted on claims relating to the May 4, 2011 cell extraction." *Id*. at 15.
The R&R recommended denial of the Defendants' motion as to the May
3 Incident. *Id*. On September 25, 2017, Chief Judge Conner entered an
Order adopting the R&R in full. *See* Doc. 186.

Trial on Collins' claims regarding the May 3 Incident will take place
on October 7, 2019. Defendants seek an order precluding the
introduction of evidence at trial regarding the May 4 Incident.

## Argument

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence
is relevant only if "it has any tendency to make a fact more or less
probable" and "the fact is of consequence in determining the action." Fed.
R. Evid. 401. Because this Court has already entered judgment in
Defendants' favor on all claims regarding the May 4 Incident, any
evidence concerning the May 4 Incident has no "consequence in
determining the action" regarding the May 3 Incident and has no
"tendency to make a fact [regarding the May 3 Incident] more or less
probable." Under these standards, any evidence concerning the May 4

3

Incident is irrelevant and inadmissible, and Collins should be precluded from offering any such evidence.

A likely issue at trial, however, will be the credibility of Collins' contention that he was unable to walk or move without a wheelchair upon his arrival to USP Lewisburg. *For that limited purpose*, Defendants anticipate introducing a Fifteen Minute Restraints Check Form (BP-A0717) memorializing the observations of Collins by BOP staff after they placed him in ambulatory restrains as part of the May 4 Incident (the "Form"). Such observations go directly to the credibility of Collins' version of events surrounding the May 3 Incident, the relevance of which significantly outweighs any prejudice Collins might articulate. Moreover, because the Form was kept by the BOP as part of a regularly conducted activity and was completed by the same individual contemporaneous to his observations, the Form is admissible under Federal Rules of Evidence 803(1), 803(5), or 803(6). Entry of these observations into evidence, therefore, should not be precluded.

Admission of those observations into evidence, however, should not be deemed to open the door for Collins to introduce evidence or otherwise put at issue anything regarding the May 4 Incident. For this reason, and

because certain portions of the Form are relevant only to the May 4 Incident, the Defendants contend that the Court should admit *only* those portions of the Form relevant to Collins' mobility and exclude those portions indicating that Collins was in restraints or which memorialize observations not probative of Collins' mobility.  This approach would also exclude portions of the Form the relevance of which arguably is outweighed by its potential unfair prejudice.  An unredacted version of the Form is attached here as Exhibit A, while a redacted version is attached as Exhibit B.  Defendants suggest that the version of the Form at Exhibit B be the one presented to the jury and admitted at trial.

## **Conclusion**

The Court should grant this motion *in limine* and preclude all evidence regarding the May 4 Incident, except to the extent that the Form is probative of Collins' alleged preexisting medical need for a wheelchair.

Respectfully submitted,

DAVID J. FREED
United States Attorney

s/Timothy S. Judge
Timothy S. Judge PA 203821
Assistant U.S. Attorney
Richard D. Euliss
Assistant U.S. Attorney
District of Columbia 999166
Cynthia E. Roman
Paralegal Specialist
240 West Third Street
Williamsport, PA 17701
Telephone: (570)348-2800
Date:  September 11, 2019     Fascimile: (570)348-2037
Timothy.Judge@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY COLLINS,** | : | **NO. 3:CV-12-2244** |
| **Plaintiff** | : | |
| | : | **(Chief Judge Conner)** |
| | : | |
| **B. A. BLEDSOE, et. al.** | : | |
| **Defendants** | : | **(Electronically Filed)** |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on September 11, 2019, she served a copy of the attached

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*

via the Court's Electronic Case Filing ("ECF") system, addressed as follows:

Addressee:

Su Ming Yeh
smyeh@pailp.org

s/Tammy S. Folmar
Tammy S. Folmar, Contractor
Data Analyst/Legal Assistant