**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LARRY JOE COLLINS, | : | |
| | : | CIVIL NO. 3:12-CV-2244 |
| Plaintiff, | : | |
| | : | Judge Christopher C. Conner |
| v. | : | |
| | : | |
| WARDEN B.A. BLEDSOE, et al.,, | : | Filed via ECF |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S PRETRIAL MEMORANDUM**

**A.    BRIEF STATEMENT AS TO FEDERAL COURT JURISDICTION**

Plaintiff brings this case under the Eighth Amendment of the United States and under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). This Court has jurisdiction over the federal claims presented pursuant to 28 U.S.C. §§ 1331 and 1343.

**B.    SUMMARY STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY**

Larry Joe Collins was a prisoner in the custody of the Federal Bureau of Prisons in 2011.  He has used a wheelchair since 2003.  On May 3, 2011, he was transported to the United States Penitentiary (USP) at Lewisburg by bus.  When he arrived, the other prisoners got off the bus first, and he was the last person left on the bus.  Defendants Fleming, Gemberling, and Prutzman were present and instructed Plaintiff Collins to walk off the bus.  He informed them that he was

1

unable to walk and that he would need help and a wheelchair to get into the building.  Defendants then proceeded to rough him up and dragged him off the bus. Plaintiff Collins was still in restraints during this time.

Plaintiff Collins subsequently was taken to the medical unit where Defendants slammed him down hard on the table.  He was then taken down to the floor and one Defendant pressed him down on his chest, while another pressed him down on the ankles, which added additional pressure to his back.  Defendant Associate Warden Hudson was present during this incident but did nothing to stop Defendants Fleming, Gemberling, and Prutzman from assaulting Mr. Collins.

Plaintiff contends that the actions by Fleming, Gemberling, and Prutzman constituted excessive force, and specifically that they failed to apply force in a good-faith effort to maintain or restore discipline, or that the force was applied maliciously and sadistically.  *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Plaintiff also contends that Defendant Hudson failed to intervene in violation of the Eighth Amendment because he was present at the time of the incidents, had an opportunity to stop the actions of Fleming, Gemberling, and Prutzman, but failed to do so.  *See Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002).

## C.   COMPREHENSIVE STATEMENT OF UNDISPUTED FACTS

1.    Plaintiff Larry Joe Collins was a federal prisoner in the custody of the Federal Bureau of Prisons at the time of the incidents.

2.     Defendant J. Fleming was employed by the Federal Bureau of Prisons at the time of the relevant incidents.

3.     Defendant K. Gemberling was employed by the Federal Bureau of Prisons at the time of the relevant incidents.

4.     Defendant S. Prutzman was employed by the Federal Bureau of Prisons at the time of the relevant incidents.

5.     Defendant Donald Hudson was the Associate Warden at United States Penitentiary (USP) at Lewisburg and was employed by the Federal Bureau of Prisons at the time of the relevant incidents.

6.     Collins arrived to the United States Penitentiary (USP) at Lewisburg on May 3, 2011.

7.     Collins arrived by bus.

8.     After the incidents on the bus, Collins was taken to the medical unit.

9.     After being removed from the bus, the transport restraints were removed and new restraints were placed on Collins.

10.    A "Program Statement" is a written policy of the Bureau of Prisons.

11.    Program Statement P5566.06 with the date of 11/30/2005 was the Program Statement for the use of force and application of restraints at the time of the incidents.

12.     The Program Statement P5566.06 provides that: "Force will ordinarily be used only when attempts to gain voluntary cooperation from the inmate have not been successful." (Program Statement P5566.06 at p. 2).

13.     The Program Statement P5566.06 provides that: "When force is used, it will be only the amount of force required to subdue an inmate, or preserve or restore institution security and good order." (Program Statement P5566.06 at p. 2).

14.      The Program Statement P5566.06 provides that: "Confrontation avoidance techniques will be used when feasible to avoid calculated use of force situations." (Program Statement P5566.06 at p. 2).

15.     Collins used a wheelchair from 2003 to early 2011.

16.     A letter dated March 28, 2001 from Warden Bill Hedrick informed U.S. District Court Judge Bill Carter that Collins had a ruptured disc at the L4-5 level with quite significant narrowing of the spinal canal. (DEF-000156).

17.     A medical record dated December 12, 2006 indicates a "Hx of bulging discs since 2000 and supposed to have surgery but he declined.  Pt on wheelchair [*sic*] since then."  (DEF-000110).

18.     A radiology report of an exam conducted on December 22, 2006 reads: "Anterior lipping of the bodies of L4 and L5 with intervertebral disc narrowing at L5-S1." (DEF-000112)

19.    A medical record/consultation sheet dated April 11, 2008 states, "56 year old male who has low back pain.  On wheelchair x 5 years."  (DEF-000115).

20.    In a medical record date September 8, 2009, R.T. Lowry, M.D. wrote, "Pt. is in a wheelchair.  He transfers to a chair at a 18 inch range with some apparent difficulty, using upper extremities perhaps more than the lower."  (DEF-000120).

21.    An MRI of Collins' lumbar spine conducted on April 20, 2011 stated that Collins has: "Severe chronic lower lumbar disc degeneration."  (DEF-000152).

22.    Defendant Fleming received a 14-day suspension for Excessive Use of Force in 2008.

**D.    BRIEF DESCRIPTION OF DAMAGES, INCLUDING:**
1.    <u>Principal injuries</u>
2.    <u>Hospitalization and convalescence</u>
3.    <u>Present disability</u>
4.    <u>Special monetary damages, loss of past earnings, medical expenses, property damages, etc.</u>
5.    <u>Estimated value of pain and suffering</u>
6.    <u>Special damage claims</u>

As a result of Defendants' actions, Plaintiff suffered physical pain and emotional distress and seeks compensatory damages for his pain and suffering, along with punitive damages from the individual defendants.  Plaintiff's principal injuries are the pain he experienced while being dragged off of the bus, and being held or pushed down in the medical unit, and corresponding emotional distress that resulted from these incidents.  Plaintiff does not allege that he was hospitalized for

these incidents, and does not seek past earnings, medical expenses, or property

damage.  Plaintiff also seeks reasonable attorneys' fees and costs, and such other

relief as the Court deems just.

**E.    NAMES AND ADDRESSES OF WITNESSES, ALONG WITH THE
SPECIALITIES AND QUALIFICATIONS OF EXPERTS TO BE
CALLED**

Plaintiff may call any or all of the following witnesses on his behalf:

1. Larry Joe Collins
    c/o Su Ming Yeh, Esq. and Alexandra Morgan-Kurtz, Esq.
    Pennsylvania Institutional Law Project
    718 Arch Street, Suite 304S
    Philadelphia, PA 19106

2. Marvin Madkins
    Fed. Reg. No. 32544-018
    USP Terre Haute
    4700 Bureau Road South
    Terre Haute, IN 47802

3. Jordan McCarroll
    147 County Road
    Lakeville, MA 02347

4. J. Fleming
    c/o Timothy Judge, Esq.
    Assistant United States Attorney
    Middle District of Pennsylvania
    235 N. Washington Ave.
    P.O. Box 309
    Scranton, PA 18501

5. K. Gemberling
    c/o Timothy Judge, Esq.
    Assistant United States Attorney
    Middle District of Pennsylvania

235 N. Washington Ave.
P.O. Box 309
Scranton, PA 18501

6. S. Prutzman
   c/o Timothy Judge, Esq.
   Assistant United States Attorney
   Middle District of Pennsylvania
   235 N. Washington Ave.
   P.O. Box 309
   Scranton, PA 18501

7. Donald Hudson
   c/o Timothy Judge, Esq.
   Assistant United States Attorney
   Middle District of Pennsylvania
   235 N. Washington Ave.
   P.O. Box 309
   Scranton, PA 18501

8. Dr. Pigos
   c/o Timothy Judge, Esq.
   Assistant United States Attorney
   Middle District of Pennsylvania
   235 N. Washington Ave.
   P.O. Box 309
   Scranton, PA 18501

Plaintiff reserves the right to supplement this witness list, to call any

Defendant as a witness in his case in chief, to call any witness identified on

Defendants' witness list, and to call any witness to testify to the authenticity of any

business, medical, or other records that may be presented and authenticity

disputed.  Plaintiff also reserves the right to call additional witnesses to rebut

testimony and evidence presented by Defendants.

**F.     SUMMARY OF TESTIMONY OF EACH EXPERT WITNESS**

Not applicable.

**G.     SPECIAL COMMENT ABOUT PLEADINGS AND DISCOVERY, INCLUDING DEPOSITIONS AND THE EXCHANGE OF MEDICAL REPORTS**

Defendants indicated on September 16, 2019 that they may seek to take the deposition of one of Plaintiff's witnesses, and Plaintiff will likely object. The parties may contact the Court to seek resolution of this issue.

**H.     SUMMARY OF LEGAL ISSUES INVOLVED AND LEGAL AUTHORITIES RELIED UPON**

The Eighth Amendment places a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations omitted).  Prison conditions may be harsh, but "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'"  *Id.* at 833-34 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

"In prison-conditions cases, 'that state of mind is one of deliberate indifference to inmate health or safety.'"  *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) (quoting *Farmer* 511 U.S. at 834).  "Deliberate indifference is a subjective standard" whereby the plaintiff must show that the defendants were actually "aware of the excessive risk to inmate safety."  *Beers*, 256 F.3d at 125.

However, an inmate "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 US at 842.

To evaluate an Eighth Amendment excessive force claim, "courts look to several factors including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response." *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)) (quotations omitted).  The central question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

To establish a failure to intervene claim, a plaintiff must show liability may attach where an "officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence" as long as the individual "has a realistic and reasonable opportunity to

intervene." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002); *see also*

*Williams v. Fields*, 535 Fed. Appx. 205 (3d Cir. 2013) (unpublished).

## I.      STIPULATIONS DESIRED

Plaintiff will request that Defendants stipulate to the authenticity and

admissibility of Plaintiff's proposed exhibits; and that photocopies be used in lieu

of originals.  Plaintiff may request that Defendants stipulate to some or all of the

Undisputed Facts, and will inform the Court of any stipulations.

## J.      ESTIMATED NUMBER OF TRIAL DAYS

Plaintiff's counsel anticipate that trial will take 2-3 days.

## K.      ANY OTHER MATTERS PERTINENT TO THE CASE TO BE TRIED

Plaintiff intends to file a motion requesting that Mr. Collins be allowed to

participate in the trial without shackles, or in the alternative that any shackles he is

wearing be concealed from the jury at all times.  Opposing counsel has indicated

that they do not take a position as to this issue.  They consider that to be a United

States Marshals courtroom security issue and defer to their judgment.

Plaintiff also intends to file motions in limine seeking to preclude the

criminal convictions of Marvin Madkins and Jordan McCarroll.  Opposing counsel

has indicated that they do not oppose the motion to preclude the criminal history of

Mr. McCarroll, but do oppose the motion seeking to preclude the criminal

convictions of Mr. Madkins.

Opposing counsel has filed a motion in limine seeking to preclude evidence relating to the May 4, 2011 cell extraction.  Plaintiff intends on responding to this motion.

Plaintiff reserves the right to file additional motions in limine based on Defendants' Pre-Trial Memorandum.

**L.    EXHIBITS**

See attached.

Plaintiff reserves the right to use any exhibits listed on Defendants' exhibit list.  Furthermore, based on prior discussions with Defendants' counsel, Plaintiff anticipates receiving additional documents from Defendants in the way of a video and medical records.  Plaintiff reserves the right to use these exhibits, and will provide appropriate notice if he elects to do so.

**M.    SPECIAL VERDICT QUESTIONS**

See attached.

**N.    STATEMENT OF DEFENSE COUNSEL REGARDING SETTLEMENT AUTHORITY**

Not applicable.

**O.    CERTIFICATE PURSUANT TO LOCAL RULE 30.10**

Not applicable.  There were not video or audio depositions.

**P.      TRIAL WITHOUT A JURY:  REQUESTS FOR FINDINGS OF FACT AND LAW**

Not applicable.

Respectfully submitted,

 /s/Su Ming Yeh
Attorney ID PA 95111
Pennsylvania Institutional Law Project
718 Arch Street, Suite 304 South
Philadelphia, PA 19106
T:  215-925-2966
F:  215-925-5337
smyeh@pailp.org

/s/ Alexandra Morgan-Kurtz
Alexandra Morgan-Kurtz, Esq.
PA ID No. 312631
Pennsylvania Institutional Law Project
100 Fifth Ave, Ste 900
Pittsburgh, Pa 15222
Tel: (412) 434-6175
amorgan-kurtz@pailp.org

*Counsel for Plaintiff*

DATE:  September 17, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY JOE COLLINS, | : | |
| | : | CIVIL NO. 3:12-CV-2244 |
| Plaintiff, | : | |
| | : | Judge Christopher C. Conner |
| v. | : | |
| | : | |
| WARDEN B.A. BLEDSOE, et al.,, | : | Filed via ECF |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Pre-Trial
Memorandum, along with the attached Exhibit List and Special Verdict Question,
were served upon the following via ECF on September 17, 2019:

Timothy Judge
United States Attorney's Office
235 North Washington Ave.
William J. Nealon Federal Building
Scranton, PA 19507
Tel: 570-348-2800
Email: timothy.judge@usdoj.gov

Richard Euliss
United States Attorney's Office
228 Walnut Street, Suite 220
Harrisburg, PA 17108
T: 717-614-4912
Email: richard.d.euliss@usdoj.gov


/s/ Su Ming Yeh
Su Ming Yeh, ID# PA 95111
Pennsylvania Institutional Law Project
718 Arch Street, Suite 304S
Philadelphia, PA 19106
T: (215) 925-2966
F: (215) 925-5337

DATE: September 17, 2019