DJF:TSJ:RDE:cer

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY COLLINS, | : | NO. 3:CV-12-2244 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| | : | |
| B. A. BLEDSOE, et. al. | : | |
| Defendants | : | (Electronically Filed) |

## DEFENDANTS' PRETRIAL MEMORANDUM

Date conference was held by counsel:

Counsel have conferred on numerous occasions prior to the filing of this document including 12:15pm on September 17, 2019.

### A.  A brief statement as to federal court jurisdiction.

This is a Bivens[1] civil rights action brought by federal inmate Larry Joe Collins.  Remaining for trial are Eighth Amendment claims of excessive force and failure to intervene against four current and former federal employees at the United States Penitentiary Lewisburg ("USP Lewisburg") concerning incidents which occurred on May 3, 2011.[2]

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Collins is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute").

## B.  A summary statement of facts and contentions as to liability.

Excessive force claims remain against three individual defendants with respect to the incident of May 3, 2011: James Fleming, Lieutenant (retired); S. Prutzman, Special Investigative Agent (formerly Correctional Officer); and Kevin Gemberling, Correctional Counselor (formerly Correctional Officer).  It appears that an additional claim for supervisor liability and/or failure to intervene claim remains against Donald Hudson, Warden USP Leavenworth (formerly Associate Warden of USP Lewisburg).

Collins alleges that Defendant Fleming, a Lieutenant at USP Lewisburg, violated the Eighth Amendment on May 3, 2011, by directing his subordinates, Correctional Officers Gemberling and Prutzman to "Get him!" after he informed the Lieutenant that he was unable to walk off the transport bus and required a wheelchair.  (Doc. 16, Am. Compl. at 4-5.)  Thereafter, he states they dragged him off the bus in a violent manner, causing injury to his spine.  (Id. at 4.)

After being carried into the institution and to health services where he received an x-ray, Collins states his transport restraints were replaced with SMU handcuffs with his hands being restrained from behind.  (Id.)  He claims he was dragged off the x-ray table and slammed to the floor, when Defendant Fleming stated, "Hurt him!"  (Id.)

Next, Collins avers that Defendant Gemberling crossed his ankles, making the leg irons he was wearing cut into his flesh and bones, and that Defendant Gemberling beared down in his feet, "putting his whole body weight on them."  (Id.)  Collins states he was forced to lay flat on his back with his hands cuffed from behind while Defendant Gemberling beared down on his feet and Defendant Prutzman put pressure on his upper body.  (Id.)  Then, Defendant Prutzman "got up on the plaintiff's chest and beared down with all his weight[.]"  (Id.)

Collins alleges that Defendant Hudson, former Associate Warden, entered the Health Services room to oversee his intake screening, that

he observed the alleged acts by Defendants Fleming, Gemberling, and Prutzman, and failed to intervene to stop their unlawful actions. (Id. at 5-6.)

Collins states he sustained an injury to his spine as a result of the incidents on May 3, 2011. (Id. at 5.)

**C.** A comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by Local Rule 16.3. No facts should be denied unless opposing counsel expects to present contrary evidence or genuinely challenges the fact on credibility grounds. The parties must reach agreement on uncontested facts even though relevancy is disputed.

*See* Statement attached to Plaintiff's Memorandum.

**D.   A brief description of damages, including, where applicable:**

   (1)   Principal injuries sustained:

   (2)   Hospitalization and convalescence:

   (3)   Present disability:

   (4)   Special monetary damages, loss of past earnings, medical expenses, property damages, etc.:

   (5)   Estimated value of pain and suffering, etc.:

   (6)   Special damage claims:

It is Collins' burden to demonstrate any damages by a preponderance of the evidence at trial. There is no medical evidence to

support Collins' claim that he sustained an injury to his spine, or any injury, on May 3, 2011. Collins has been incarcerated since the incident of May 3, 2011, and as result has no lost wages, and incurred no medical care expenses. Collins has not offered any expert to opine on his medical condition, future care, ability to work, and/or related damages. Collins' primary damage claim appears to be pain and suffering.

**E.** Names and addresses of witnesses, along with the specialties and qualifications of experts to be called.

**Donald Hudson** – Defendant and former Associate Warden at USP Lewisburg alleged to have witnessed Fleming, Prutzman, and Gemberling's actions on May 3, 2011.
**James Fleming** – Defendant and former Lieutenant at USP Lewisburg who supervised the escort of Collins on May 3, 2011 from the bus to Collins' cell.
**Kevin Pigos, M.D.** – Former Clinical Director at USP Lewisburg and current physician at USP Lewisburg. Fact witness concerning medical concerns and evaluation of Collins prior to May 3, 2019 to determine if Collins was appropriate for the Special Management Unit. Fact witness concerning discussion that he had with Collins on May 4, 2011 concerning the lack of any documented medical condition requiring the use of a wheelchair while designated to the Special Management Unit at Lewisburg. Fact witness concerning subsequent evaluations, conversations, and treatment of Collins in the custody of the BOP.
**Beverly Prince, EMT-P** – Fact witness concerning advising custody staff and Collins that Collins' medical records did not indicate a documented medical condition precluding him from walking unassisted on May 3, 2011.
**Brad Trate** – Warden of FCI McKean and former Captain at USP Lewisburg. Part of post-incident review process.
**Edward Good** – Correctional officer at USP Lewisburg on May 3, 2011 and one of the officers who escorted Collins from the bus to his cell.
**Ruben Casilla** – Former correctional officer who observed Collins' mobility on May 4, 2011.

**Kevin Gemberling** – Defendant, current Correctional Counselor, and former correctional officer on May 3, 2011 who escorted Collins from the bus to his cell.

**Richard Hamilton** – Current Lieutenant at FCI Allenwood and former correctional officer on May 3, 2011 who escorted Collins from the bus to his cell.

**Shannon Prutzman** – Defendant, current Special Investigative Agent at USP Allenwood and former correctional officer on May 3, 2011 who escorted Collins from the bus to his cell.

All of the above witnesses are current or former BOP employees and may be contacted through counsel for the defendants. Their addresses are not being provided in this publicly filed document due to security concerns for the witnesses.

Defendants reserve the right to call any necessary rebuttal witnesses and to call any of the witnesses listed by Collins.

**F.    Summary of testimony of each expert witness.**

None.

**G.    Special comment about pleadings and discovery, including depositions and the exchange of medical reports.**

The Bureau of Prisons is in the process of compiling Collins' complete medical records for 2001-present as requested by Collins' counsel.

Defendants have filed a motion *in limine* seeking to preclude any reference to the May 4, 2011 use of force with the exception that Defendants seek the Court's permission to present at trial a form memorializing an officer's observations of Collins' mobility on that day as an exhibit with redactions. The Court has previously held that any

claims related to that incident are precluded by the favorable termination rule. (Docs. 180, 186.)

**H.   A summary of legal issues involved and legal authorities relied upon.**

To establish that **Defendants Gemberling and Prutzman** violated the Eighth Amendment by using excessive force, Collins must establish by a preponderance of the evidence that each defendant:

First, Prutzman and Gemberling used force against Collins maliciously, for the purpose of causing him harm, rather than in a good faith effort to maintain or restore discipline.

Second, that the use of force caused Collins some physical injury.

Model Jury Instr. 3d Cir. 4.10 (2019).

In order to establish that **Defendant James Fleming** violated the Eighth Amendment, Collins must establish by a preponderance of the evidence under a theory of supervisory liability, that Defendant Fleming directed or acquiesced to Defendants Prutzman and Gemberling using excessive force upon him.

First: Fleming directed Prutzman and Gemberling to take the action in question; or

Second: Fleming had actual knowledge of Prutzman and Gemberling's violation of Collins' rights and Fleming acquiesced in that violation.

Model Jury Instr. 3d Cir. 4.6.1 (2019).

In order to establish that **Defendant Donald Hudson** violated the Eighth Amendment, Collins must establish by a preponderance of the evidence under a theory of supervisory liability, that Defendant Hudson had actual knowledge of Fleming, Prutzman, and Gemberling's violation of Collins' rights and Hudson acquiesced in that violation.

Model Jury Instr. 3d Cir. 4.6.1 (2019).

      Defendants have asserted the defense of qualified immunity, which the Court denied at the summary judgment stage. (Doc. 180 at 19-21; Doc. 186). However, at the time of trial, each defendant is entitled to qualified immunity if it established that the defendant did not violate a clearly established right of which a reasonable prison official would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Material disputes of historical fact must be resolved by the jury at trial. The Third Circuit has instructed that the trial court must decide the ultimate issue of the application of qualified immunity - not the jury. See Carswell v. Borough of Homestead, 381 F.3d 235, 242 (3d Cir. 2004) ("The jury … determines disputed historical facts material to the qualified immunity question … District Courts may use special interrogatories to allow juries to perform this function … The court must make the ultimate determination on the availability of qualified immunity as a matter of law."). Thus, each defendant is entitled to qualified immunity because none of the defendants violated a clearly established right of which they knew. Specifically, Fleming, Prutzman, and Gemberling assert that they relied upon the information provided to them from medical staff that Collins was able to walk off the bus on May 3, 2011. It was not clearly established that a prison official could not rely on the representations of medical staff in such a situation to use enough force as to carry Collins off the bus, to change the restraints, and to carry Collins through the intake procedure concluding with placing Collins on the bed in his cell.

**I.**    Stipulations desired.

    Authenticity of all exhibits.

**J.**    Estimated number of trial days.

    2-3

**K.**   Any other matter pertinent to the case to be tried.

   None.


**L.**   Pursuant to Local Rule 16.3 append to this memorandum a prenumbered schedule of exhibits, with brief identification of each, on the clerk's Exhibit Form.

   *See* Defendants' Exhibit List (attached).  Additionally, Defendants reserve the right to introduce any exhibit listed by Plaintiff or to introduce evidence to for impeachment purposes.


**M.**   Append any special verdict questions which counsel desires to submit.

   *See* Special Verdict Questions (attached).


**N.**   Defense counsel must file a statement that the person or committee with settlement authority has been notified of the requirements of and possible sanctions under Local Rule 16.2.

   The individual named defendants each have sole settlement authority as to the <u>Bivens</u> claims brought against them in their individual capacity.


**O.**   Certificate must be filed as required under Local Rule 30.10 that counsel have met and reviewed depositions and videotapes in an effort to eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier of fact.

   The undersigned certifies that he has conferred with counsel for Collins and has no objections as to the deposition and videotapes relevant

to the incident of May 3, 2011.  Defendants reserve the right to object to any use of the deposition and videotapes.

**P.**   In all trials without a jury, requests for findings of both fact and law shall be submitted with this Memorandum as required under Local Rule 48.2.

    Not applicable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | DAVID J. FREED<br>United States Attorney |
|  | s/Timothy S. Judge<br>Timothy S. Judge<br>Assistant U.S. Attorney<br>PA 203821 |
|  | Richard D. Euliss<br>Assistant U.S. Attorney<br>District of Columbia 999166 |
|  | Cynthia E. Roman<br>Paralegal Specialist<br>240 West Third Street<br>Williamsport, PA 17701<br>Telephone: (570)348-2800 |
| Date:  September 17, 2019 | Fascimile: (570)348-2037<br>Timothy.Judge@usdoj.gov |

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY COLLINS,** | : | **NO. 3:CV-12-2244** |
| Plaintiff | : | |
| | : | **(Chief Judge Conner)** |
| | : | |
| **B. A. BLEDSOE, et. al.** | : | |
| Defendants | : | **(Electronically Filed)** |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on September 17, 2019, she served a copy of the attached

## DEFENDANTS' PRETRIAL MEMORANDUM

via the Court's Electronic Case Filing ("ECF") system, addressed as follows:

Addressee:

Su Ming Yeh, Esq.
smyeh@pailp.org

s/Cynthia E. Roman
Cynthia E. Roman
Paralegal Specialist
