# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LARRY JOE COLLINS,** | CIVIL ACTION NO. 3:12-CV-2244 |
| **Plaintiff** | (Chief Judge Conner) |
| v. | |
| **WARDEN B. A. BLEDSOE,** *et al.*, | |
| **Defendants** | |

## ORDER

AND NOW, this 2nd day of October, 2019, upon consideration of plaintiff's motion (Doc. 236) *in limine*, wherein plaintiff seeks exclusion of all evidence related to the criminal and disciplinary history of witnesses Marvin Madkins ("Madkins") and Jordan McCarroll ("McCarroll"), and it appearing that defendants do not contest the motion with respect to McCarroll, (see Doc. 240 at 1 n.1), and do not intend to introduce any evidence related to Madkins' disciplinary history, (see id.), but that defendants contend that Madkins' 2009 conviction for child sex trafficking, 18 U.S.C. § 1591 (2006), is admissible pursuant to Federal Rule of Evidence 609(a)(2), which provides that a witness's prior conviction "must be admitted" for impeachment purposes "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement," FED. R. EVID. 609(a)(2), and the court noting that Section 1591 provides numerous, disjunctive means of violating that statute, including when a person traffics a minor "knowing that force, fraud, *or* coercion . . . will be used to cause" the minor to engage in a commercial sex act, 18 U.S.C. § 1591(a) (2006) (emphasis added), or alternatively when a person traffics a minor "knowing . . . that

the person has not attained the age of 18 years and will be caused to engage in a commercial sex act," id., and the court observing that there are numerous ways a person can commit child sex trafficking under Section 1591 (only one of which involves "fraud") and therefore the court cannot "readily determine that establishing the elements of the crime required proving . . . a dishonest act or false statement," FED. R. EVID. 609(a)(2); see also Walker v. Horn, 385 F.3d 321, 333-34 (3d Cir. 2004) (discussing Rule 609(a)(2) and advisory committee notes thereto), and the court rejecting defendants' reliance on the indictment and judgment which use conjunctive phrasing, *viz.*, "knowing that force, fraud, *and* coercion would be used . . . *and* while knowing that A.L. had not attained the age of eighteen," (Doc. 240-1 at 1, 11 (emphasis added)), because such conjunctive language does not establish that fraud was proven as the method of trafficking a minor and thus a required element of the crime, see United States v. Tykarsky, 446 F.3d 458, 474 (3d Cir. 2006) (explaining that indictment may charge more means of committing crime than necessary for conviction and sufficient evidence as to any one method conjunctively charged may establish guilt); (Doc. 249-1 at 1 (jury verdict form using disjunctive); Doc. 249-2 at 12-13 (jury instructions using disjunctive)), and it appearing that defendants have presented no evidence that the jury found Madkins guilty of violating Section 1591 due to use of fraud or other dishonesty or that Madkins admitted that fraud or any other dishonest act or statement was used in commission of the crime, and the court therefore concluding that Madkins' 2009

2

conviction for child sex trafficking is not *crimen falsi* under Rule 609(a)(2),[1] it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 236) *in limine* is GRANTED.

2. Defendants are PRECLUDED from discussing, referencing, or introducing evidence related to Madkins' 2009 convictions, (<u>see generally</u> Doc. 240-1 at 11-16).

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] We note that, although not asserted by defendants, Madkins' 2009 child sex trafficking convictions would not be admissible under Rule 609(a)(1)(A) either. These convictions are nearly ten years old and are extremely inflammatory because they involve sexual crimes against minors; thus, their limited probative value as to Madkins' veracity "is substantially outweighed by a danger of . . . unfair prejudice." FED. R. EVID. 403.